79 F.3d 169
 316 U.S.App.D.C. 367
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Daniel C. WELLS, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD, et al., Respondents.
 No. 95-1037.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 12, 1996.
 
 Before: SILBERMAN, RANDOLPH, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause was considered on a petition for review of an order of the National Transportation Safety Board and was briefed by counsel. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 36(b) (January 1, 1994). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the petition for review of the order of the National Transportation Safety Board is hereby denied, for the reasons set forth in the accompanying memorandum. It is
 
 
 3
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 41(a)(1) (January 1, 1994). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Petitioner Wells challenges the National Transportation Safety Board's determination that he violated 14 C.F.R. § 91.13(a), which states that "[n]o person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another," by taking off from a closed runway. He also claims that the 120-day suspension of his airline transport pilot's certificate is an excessive sanction and that he received ineffective assistance of counsel before the ALJ and the Board.
 
 
 5
 The College Park Airport in Maryland has closed its runway regularly from 9:00 a.m. to 4:00 p.m. for the two years prior to this incident due to metro construction. On the day in question, the runway was designated as closed in the standard manner--with large orange plastic Xs placed at either end of the runway and in the middle, weighted down with sandbags. A notice to airmen (NOTAM) advising of the closure was also in effect. Just before 4:00 p.m., construction workers in a truck with flashing yellow lights and an airport assistant manager were near the runway preparing to remove the Xs to reopen the runway. A pilot waiting in line on the taxi-way and the Airport manager also observed Wells' takeoff. All these individuals testified that Wells taxied down the runway and took off just before or at 4:00 p.m. while the Xs were still on the runway, a truck and people were nearby, and the NOTAM was still in effect.
 
 
 6
 The Federal Aviation Administration found a violation of § 91.13 and suspended Wells' certificate for 120 days. In a hearing before an ALJ, Wells contested the order on the grounds that he took all reasonable precautions, that he saw no trucks or Xs, that any failure to notice these objects was due to the limited visibility from the type of aircraft he was flying, and that the Administrator's witnesses were lying. The ALJ rejected these arguments and affirmed the violation and the 120-day suspension. He found the evidence of the violation "overwhelming," and noted that the extent of the danger justified the sanction. On appeal, the NTSB affirmed.
 
 
 7
 Substantial evidence supports the finding of a violation. Multiple witnesses testified to the facts found by the ALJ, who rejected Wells' testimony to the contrary. And the Administrator does not have to show actual danger, only potential endangerment, Roach v. NTSB, 804 F.2d 1147, 1157 (10th Cir.1986); the risk of danger here--to the persons and property near the runway--was not so remote as to be negligible. The limited visibility from Wells' aircraft does not excuse the violation; factors limiting visibility, such as darkness or moisture, indicate the pilot should, if anything, exercise more care. Administrator v. Gersten, NTSB Order No. EA-4090 (1994); Administrator v. Boardman, NTSB Order No. EA-3547 (1992).
 
 
 8
 The sanction is justified by the ALJ's finding that there was significant danger and by Wells' prior violation.[1] The FAA has a policy mandating application of similar sanctions for similar violations, and its penalty chart suggests a 30- to 60-day suspension for a takeoff or landing at a closed runway. However, as the FAA contends, the chart "suggests" sanctions for "normal" violations, i.e., first violations where actual danger is no greater than that inherent in the action, there are no aggravating factors, and no strong policy goals require modification. And a 120-day suspension is not unprecedented. See, e.g., Administrator v. Hembree, NTSB Order No. EA-298 (1989). Wells' objection that the FAA initially ignored certain mitigating factors in determining the penalty is undermined by his own refusal to cooperate with the FAA's investigation, when he could have brought such factors to the FAA's attention. And his claim that he was prejudiced by the FAA's mistaken belief that he held a commercial pilot certificate rather than an airline transport certificate is groundless; the ALJ clearly understood the type of certificate involved. Thus, the higher sanction here was consistent with the FAA policy and was reasonable.
 
 
 9
 We do not reach the ineffective assistance of counsel claim in the civil context, because the validity of the violation and the sanction show that in any event there was no prejudice to Wells, and Wells has not demonstrated any prejudice from counsel's alleged failure to conduct an adequate investigation. Strickland v. Washington, 466 U.S. 668, 687 (1984); Zamora v. Dugger, 834 F.2d 956, 958-59 (11th Cir.1987); Ramirez-Durazo v. INS, 794 F.2d 491, 500-01 (9th Cir.1986).
 
 
 
 [1]
 We therefore do not address the Administrator's argument that Wells waived the excessive sanction claim